**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

v. No. CV 11-0037 MV/LAM
CR 03-0477 MV

ERIC LAMONT JOHNSON,

Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under rules 4(b) and 11(a) of the Rules Governing Section 2255 Proceedings, on Defendant's Subsequent Motion Invoking the Power of U.S.C. 2255(f)(4) (CV Doc. 53; CR Doc. 283) filed on August 1, 2014. On January 26, 2009, this Court entered judgment (CR Doc. 224) on Defendant's conviction, and on April 27, 2010, the Court of Appeals for the Tenth Circuit affirmed the judgment (CR Doc. 256). Defendant filed a first § 2255 motion (CR Doc. 257) on January 12, 2011, which the Court denied (CR Doc. 270) on the merits. The Court of Appeals for the Tenth Circuit dismissed his appeal (CR Doc. 278) of the § 2255 ruling. Defendant then filed the instant motion, again challenging his conviction and sentence.

Defendant's motion is based on the Supreme Court's ruling in *Bailey v. United States*, 516 U.S. 137, 143 (1995), which clarified the evidentiary standard for a conviction for using a firearm during and in relation to a drug trafficking crime. *See* 18 U.S.C. § 924(c)(1) (*amended after Bailey*). He asserts that he could not have discovered the *Bailey* decision earlier than he did, and thus, under the "newly discovered evidence" provision in § 2254(f)(4), he may bring the claim now.

The two central flaws in Defendant's position are that (1) *Bailey* was decided eight years before he was even indicted, and (2) he was convicted of "possession" (CR Doc. 224)--not "use"--of a firearm in violation of § 924(c)(1). Not long before Defendant filed the instant motion, he filed a motion in the Court of Appeals seeking authorization to file a second or successive § 2255 motion based on the *Bailey* decision. In its order of June 6, 2014, the Court of Appeals denied the motion for authorization (CV Doc. 52; CR Doc. 282), stating,

> [R]egardless of how recently Mr. Johnson learned of *Bailey* or its implications for his conviction and sentence, neither his discovery of law that existed at the time he was convicted, nor his discovery that had counsel effectively argued the existing law he might have received a lesser sentence, constitutes "newly discovered evidence" under § 2255(h)(1).

*In re Johnson*, No 14-2087, slip ord. at 3 (10th Cir. June 6, 2014) (CV Doc. 52). The Court notes that the instant motion invokes the "newly discovered evidence" provision of § 2255(f)(4) to assert grounds similar to those that the Court of Appeals addressed in its order denying authorization. Defendant's current motion, therefore, is an unauthorized second or successive § 2255 motion.

> When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

*In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). Because Defendant does not make a viable claim of "newly discovered evidence," and because the Court of Appeals has already denied Defendant authorization to file his § 2255 motion, under the rule stated in *Cline* the Court will dismiss Defendant's motion for lack of jurisdiction.

Furthermore, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines that Defendant has failed to make a substantial showing that he has been denied a constitutional right. The Court will therefore deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Subsequent Motion Invoking the Power of U.S.C. 2255(f)(4) (CV Doc. 53; CR Doc. 283) filed on August 1, 2014, is DISMISSED for lack of jurisdiction; a certificate of appealability is DENIED; and judgment will be entered.

UNITED STATES DISTRICT JUDGE